[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10150
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-24171-DLG


WALTER LEE SILIMON,

                                                    Petitioner-Appellant,

                    versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

                                                    Respondent-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 6, 2014)

Before WILSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

    Walter Silimon, a state prisoner, appeals pro se the denial of his petition for

a writ of habeas corpus.  See 28 U.S.C. § 2254.  We granted a certificate of

appealability to address whether a Florida court violated Silimon's right of confrontation under the Sixth and Fourteenth Amendments by admitting testimonial hearsay in a hearing to revoke his probation. Because the decision of the Florida court to admit the hearsay in a revocation hearing was not contrary to or an unreasonable application of clearly established federal law, we affirm.

## I. BACKGROUND

While Silimon was serving a sentence of probation imposed by a Florida court, Officer Nestor Lopez of the Florida City Police Department arrested Silimon on a charge of domestic battery. A probation officer moved to revoke Silimon's probation for committing a new offense.

A Florida court held a revocation hearing, but the victim of the domestic battery, Latoya Smith, did not appear at the hearing. The prosecutor argued the hearing could proceed because Officer Lopez would testify that he observed Smith's injuries and that Smith said she had been battered by Silimon. Silimon objected and argued that the admission of Smith's out-of-court statement "obviously denie[d] . . . his Sixth Amendment right to confrontation," as interpreted in Crawford v. Washington, 541 U.S. 36, 124 S. Ct. 1354 (2004). The prosecutor responded that a more flexible standard of due process governed the admission of testimonial evidence in a revocation proceeding, as explained in Morrissey v. Brewer, 408 U.S. 471, 480, 92 S. Ct. 2593, 2600 (1972), and Gagnon

v. Scarpelli, 411 U.S. 778, 782, 93 S. Ct. 1756, 1759–60 (1973).  The state court likened Smith's statement to that of an "excited utterance" and ruled that the hearsay evidence was admissible because "Crawford does not apply in probation violation hearings."

Silimon protested that Smith did "not [want] to prosecute this case." Silimon asserted that Smith had visited the office of the state attorney to withdraw her complaint about the battery; she failed to appear for the revocation hearing after having already "refused to come in on other subpoenas"; and his sister would testify that Smith had recanted her story.  The prosecutor responded that neither she nor another prosecutor involved in the case had been contacted by Smith to recant and, even if she had, it "wouldn't prevent" Silimon's revocation proceeding. The state court agreed that Smith was "just a witness" who did not "deci[de] [whether] to prosecute or not."

In support of its motion to revoke probation, the state presented the testimonies of Silimon's probation officers and Officer Lopez, the order of probation signed by Silimon, and Smith's written statement.  Lopez testified about being dispatched to the scene of an alleged domestic battery, where he found Smith standing outside.  Smith told Lopez that she was "mad" because Silimon had torn her shirt, hit her in the face, and pulled her hair after she called the police, and then Smith signed a written statement that described Silimon's abuse.  Lopez

3

authenticated Smith's written statement, and that statement was admitted into evidence over Silimon's objection. Lopez testified that he observed a red mark on the left side of Smith's face, her shirt was ripped, and her hair was "messed up." Lopez also recalled that, during the interview, Silimon told Smith not to "do this."

Silimon presented a defense. Silimon's sister testified that she drove Smith to the prosecutor's office. Silimon testified that Lopez had remarked that Smith had not been injured; Smith's injuries had been self-inflicted; and his statement to Smith not to "do this" meant that she should not "set [him] up." In rebuttal, the State recalled Lopez, who denied telling Silimon that Smith was uninjured.

The state court revoked Silimon's sentence of probation. The state court credited Lopez's testimony; discredited the testimonies of Silimon and his sister; and rejected Silimon's arguments that Smith had recanted her story and had signed her written statement under duress. The state court considered "the exhibits introduced by the State and the testimony," which "was not simply hearsay, but included observations by Officer Lopez," and found that the "State ha[d] proved by the greater weight of the evidence that [Silimon] willfully and substantially violated terms of []his probation." The Third District Court of Appeal affirmed. Silimon v. State, 23 So. 3d 772 (Fla. Dist. Ct. App. 2009). The Florida courts also denied Silimon's motion for postconviction relief and ruled that the revocation

4

hearing had afforded Silimon due process.  Silimon v. State, 49 So. 3d 254 (Fla. Dist. Ct. App. 2010).

Silimon filed a federal petition for a writ of habeas corpus, which the district court denied.  The district court ruled, citing Morrissey and Gagnon, that "the reliability of the proffered testimony continue[d] to" govern the admissibility of hearsay evidence in a revocation hearing and that Smith's out-of-court statement was "well-corroborated by other admissible evidence."  In the alternative, the district court ruled that Smith's statement was admissible under the hearsay exception for excited utterances.

## II. STANDARD OF REVIEW

We review de novo the denial of a petition for a writ of habeas corpus. Muhammad v. Sec'y, Fla. Dep't of Corr., 733 F.3d 1065, 1071 (11th Cir. 2013).  A federal court may not grant a writ of habeas corpus unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States [or] was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1).  "[A]n unreasonable application of federal law is different from an incorrect application of federal law."  Williams v. Taylor, 529 U.S. 362, 410, 120 S. Ct. 1495, 1522 (2000).

## III. DISCUSSION

Silimon argues that the decision of the Florida courts is contrary to the decisions of the Supreme Court in <u>Morrissey</u> and <u>Gagnon</u>.  Silimon argues that the state failed to comply with those precedents when it denied him the opportunity to cross-examine Smith about her "direct knowledge of the alleged incident" and failed to produce Smith for the revocation hearing.  Silimon contends that the trial court should have balanced his right of confrontation against the interest of the state and made a "particularized finding" of good cause to admit Smith's out-of-court statement.

The Confrontation Clause of the Sixth Amendment guarantees an individual the right to confront witnesses against him.  <u>Crawford</u>, 541 U.S. at 38, 124 S. Ct. at 1357.  But the right to confrontation is not absolute; the Clause guarantees the right of confrontation only in "criminal prosecutions."  U.S. Const. amend. VI.

A probationer charged with violating a term of his probation is not entitled to the same procedural protections afforded the accused in a criminal trial.  <u>See</u> <u>Gagnon</u>, 411 U.S. at 782, 93 S. Ct. at 1759–60; <u>Morrissey</u>, 408 U.S. at 480, 92 S. Ct. at 2600.  Because a "[p]robation revocation . . . is not a stage of a criminal prosecution," <u>Gagnon</u>, 411 U.S. at 782, 93 S. Ct. at 1759–60, a probationer is afforded the minimum requirements of due process, which entitles him to disclosure of the evidence against him and a hearing at which he can present

evidence and "confront and cross-examine witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)," Morrissey, 408 U.S. at 489, 92 S. Ct. at 2604. That hearing must be "structured to assure that the finding of a . . . violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the [probationer's] behavior," id. at 484, 92 S. Ct. at 2602, and should involve a "process . . . flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial," id. at 489, 92 S. Ct. at 2604. See Gagnon, 411 U.S. at 783 n.5, 93 S. Ct. at 1760 n.5 ("[W]e emphasize that we did not in Morrissey intend to prohibit use where appropriate of the conventional substitutes, including affidavits, depositions, and documentary evidence.").

The Florida courts decided that Silimon's revocation hearing afforded him due process, and that decision is not contrary to or an unreasonable application of clearly established federal law. Because the hearing to revoke Silimon's probation was "not part of a criminal prosecution," he was not entitled to "the full panoply of rights" that would prohibit the introduction of Smith's out-of-court statement, and the revocation hearing could proceed without Smith. See Morrissey, 408 U.S. at 480, 92 S. Ct. at 2600. And the trial court determined that good cause existed to admit the hearsay evidence when Smith failed to appear for the revocation hearing.

The trial court found that Smith's out-of-court statement that she was battered by Silimon was corroborated by her written statement and Lopez's personal observations.  The trial court also found "no credible evidence" to support Silimon's assertions that Smith's injuries were self-inflicted and that her statement was made under duress.  Silimon faults the trial court for failing to balance his interest in confrontation with the good cause of the state to proceed, but the decisions cited by him that apply a balancing test involve the revocation of supervised release by federal courts.  Silimon references no clearly established federal law that requires a state court to balance the interests of the parties before admitting hearsay evidence in a hearing to revoke probation.  See Williams, 529 U.S. at 412, 120 S. Ct. at 1523 (stating that "clearly established federal law" in section 2254(d) "refers to the holdings, as opposed to the dicta, of [the decisions of the United States Supreme Court] as of the time of the relevant state-court decision").  The district court correctly denied Silimon's petition.

## IV. CONCLUSION

We **AFFIRM** the denial of Silimon's petition for a writ of habeas corpus.